## Commonwealth v. Pickens.

J. *Elder Bryan*, District Attorney, for Commonwealth.
*Charles G. Martin*, for defendant.

CHAMBERS, J., Nov. 13, 1928.—This case came before the court on appeal from a summary conviction before William E. Marshall, alderman for the First Ward, City of New Castle, this county. The conviction was based upon a complaint charging a violation of section 409 *(b)* of the Act of May 11, 1927, P. L. 886. At the hearing it was agreed that the defendant had been engaged in driving a motor-vehicle, under an Ohio license, which made trips from the City of Youngstown, in the State of Ohio, into the County of Lawrence, for the purpose of delivering bread; that the motor-vehicle was owned by the baker of the bread, in whose employ was the defendant, and that no compensation was paid as such for the carrying of the bread, but that the truck was merely used in delivering the produce of the owner to his customers, and that both the owner and driver were residents of the State of Ohio. The particular section, 409 *(b)*, under which the complaint is drawn, reads as follows: "A non-resident owner of a foreign vehicle operated within this Commonwealth for the transportation of persons or property for compensation, either regularly according to schedule or for a consecutive period exceeding thirty (30) days, shall register such vehicle and pay the same fees therefor as are required for like vehicles owned by residents of this Commonwealth."

It would appear that this section of the act was intended to cover such vehicles as are engaged in the transportation of persons or property for hire or pay, in other words, whose business would be in the nature of that of a common carrier. In the case before the court, it is clear that this vehicle was not used for that purpose, but simply as a means of conveyance for the product of the owner to his customer, and that it was not in the contemplation of the legislature, under this section, to require a license fee from such vehicle.

At the hearing in court, it was contended that at the hearing before the alderman the information had been amended and that a violation of section 409 *(c)* had been alleged. The transcript as returned by the justice does not show any such amendment. However, it was agreed at the hearing that the court might consider the information so amended and we so treat it. This section reads as follows: "Every non-resident, including any foreign corporation carrying on business within this Commonwealth and owning and regularly operating in such business any motor-vehicle, trailer or semi-trailer, exclusively within this Commonwealth, shall be required to register every such vehicle and pay the same fees therefor as is required with reference to like vehicles owned by residents of this Commonwealth."

It will be noted that the vehicles prescribed against in this section are such as are operated exclusively within the Commonwealth in carrying on the busi-

ness of a foreign corporation or non-resident. It appearing by the facts agreed upon that this vehicle was not exclusively operated within this Commonwealth, but only made trips, from time to time, into this Commonwealth from the State of Ohio, it seems clear that that would not be a violation of this section.

In accordance with the foregoing opinion, we, therefore, make the following

## Order.

Now, Nov. 13, 1928, this case came on for hearing and upon consideration of the undisputed facts therein, the defendant is discharged and restitution is ordered for any fine or costs that may have been paid.

From William McElwee, Jr., New Castle, Pa.